70 F.3d 1281
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Harry J. SHERBONDY, Jr., charged as Harold J. Sherbondy,
Jr., a/k/a Jay Sherbondy, Defendant-Appellant.
 No. 95-50011.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 14, 1995.*
Decided Nov. 29, 1995.
 
 Before: FARRIS, BRUNETTI, and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 I. Double Jeopardy
 
 2
 Sherbondy argues that the Double Jeopardy Clause precluded the government from prosecuting him for RICO violations since treble damages had been imposed on him in a private civil RICO action involving the same conduct. "Whether a defendant's double jeopardy rights have been violated is a question of law reviewed de novo." United States v. Wolfswinkel, 44 F.3d 782, 784 (9th Cir.1995).
 
 
 3
 Sherbondy's reliance on United States v. Halper, 490 U.S. 435, 448-49 (1989) is misplaced. Halper stated that "[t]he protections of the Double Jeopardy Clause are not triggered by litigation between private parties." Id. at 447, 451.
 
 
 4
 The plaintiffs in the civil RICO action were private parties. Jeopardy attached for the first time in Sherbondy's criminal prosecution. The district court did not err.
 
 II. Hearsay
 
 5
 Sherbondy argues that the district court erred in excluding the testimony of two witnesses who would have recounted statements Sherbondy made to them expressing his concern about missing financial records.
 
 
 6
 Statements of an out of court declarant are inadmissible if "offered in evidence to prove the truth of the matter asserted." See F.R.E. 802 and 803. F.R.E. 803(3) excepts from the hearsay rule "[a] statement of the declarant's then existing state of mind ... [or] emotion ..., but not including a statement of memory or belief to prove the fact remembered or believed...." We construe F.R.E. 803(3) as follows:
 
 
 7
 "The state-of-mind exception does not permit the witness to relate any of the declarant's statements as to why he held the particular state of mind. If the reservation in the text of the rule is to have any effect, it must be understood to narrowly limit those admissible statements to declarations of condition--'I'm scared'--and not belief--'I'm scared because [someone] threatened me.' "
 
 
 8
 United States v. Fontenot, 14 F.3d 1364, 1371 (9th Cir.1994) (quoting United States v. Cohen, 631 F.2d 1223, 1225 (5th Cir.1980)); United States v. Emmert, 829 F.2d 805, 810 (9th Cir.1987) (same).
 
 
 9
 Sherbondy's statements were inadmissible hearsay. Testimony recounting Sherbondy's statements explaining the reason for his concern--that financial records had been lost--were expressions of "memory or belief" and outside the F.R.E. 803(3) exception. The simple statement "I'm concerned" was also inadmissible hearsay. In Cohen, the declarant's state of mind (fear) was directly relevant to the declarant's defense (duress). Sherbondy's concern had no direct relevance to any element necessary to excuse or justify the crime charged. The purpose for introducing his statement was to prove the happening of the event that caused his state of mind. The statement is an expression of Sherbondy's "memory or belief" and is not within the F.R.E. 803(3) exception. See Advisory Committee Notes to F.R.E. 803(3) (hearsay rule would be destroyed if courts allowed "state of mind, provable by a hearsay statement, to serve as the basis for an inference of the happening of the event which produced the state of mind.").
 
 
 10
 III. Prosecutor's Comments on Sherbondy's Failure to Testify
 
 
 11
 Sherbondy argues that the prosecutor violated his Fifth Amendment right not to testify by commenting that the government's evidence was "uncontradicted." We review such claims de novo.
 
 
 12
 United States v. Mayans, 17 F.3d 1174, 1185 (9th Cir.1994) provides that a prosecutor may "call attention to the defendant's failure to present exculpatory evidence more generally." (No violation when prosecutor said " 'there is no evidence' "; prosecutor did not "single out defendant from his case in general").
 
 
 13
 The prosecutor did not single out Sherbondy. His comments were general as in Mayans.
 
 
 14
 IV. Prosecutor's Comments Impugning Defense Counsel
 
 
 15
 Sherbondy argues that the prosecutor's statement "shame on defense counsel" was error. We reject the argument. A prosecutor has "reasonably wide latitude" in presenting closing argument. United States v. McChristian, 47 F.3d 1499, 1507 (9th Cir.1995). Nevertheless, a prosecutor may go too far. In Bruno v. Rushen, we found that the prosecutor violated the defendant's rights under the Sixth Amendment and the Due Process Clause of the Fourteenth Amendment by suggesting that the defendant's lawyer had pressured key witnesses to change their stories, despite no "specific evidence in the record" to support this allegation. 721 F.2d 1193, 1194-95 (9th Cir.1983) (prosecutor exclaimed " 'There is a Judas syndrome at work here and the criminal justice system is the cathedral.... [T]he defense is the Judas in this case").
 
 
 16
 The record satisfies us that the prosecutor did not speculate baselessly about the conduct of defense counsel, but instead was replying to a specific argument that the district court found to be inaccurate. There was no error.
 
 V. Sentencing: Relevant Conduct
 
 17
 Sherbondy argues that the district court erred in finding that the value of the funds involved in his laundering scheme exceeded $1 million.
 
 
 18
 For purposes of calculating "specific offense characteristics" under USSG Sec. 1B1.3(a)(2) & (3), if USSG Sec. 3D1.2(d) "would require grouping," the district court may consider as "relevant conduct" all "harm" resulting from the "acts and omissions" of the defendant that "were part of the same course of conduct or common scheme or plan as the offense of conviction." When "[USSG] Sec. 3D1.2 does not apply, ... the guidelines prohibit aggregation of quantities from other counts...." USSG Sec. 1B1.3 Commentary. Aggregating amounts involved in wire fraud and money laundering violations is impermissible under USSG Sec. 1B1.3(a)(2) because the fraud and laundering guidelines measure harm differently. United States v. Taylor, 984 F.2d 298, 303 (9th Cir.1993). However, the district court may sum the amounts involved in charged and uncharged violations of 18 U.S.C. Sec. 1956. United States v. Rose, 20 F.3d 367, 372 (9th Cir.1994) ("district court is not necessarily limited to the funds identified in the counts of conviction"). The district court may also sum the amounts involved in charged and uncharged violations of 18 U.S.C. Sec. 1956 and Sec. 1957 since the relevant guidelines measure harm the same way. See USSG Sec. 2S1.2(b)(2); United States v. Taylor, 984 F.2d 298, 303 n. 2 (9th Cir.1993).
 
 
 19
 The district court did not err. The $1.27 million Sherbondy diverted either through the Compass accounts or through his personal accounts constituted charged and uncharged violations of Sec. 1956 or Sec. 1957.
 
 VI. Sentencing: Aggravated Role
 
 20
 Sherbondy argues that the district court erred in finding that he was an organizer of an extensive criminal activity.
 
 
 21
 USSG Sec. 3B1.1(a) provides that the district court must increase the offense level by four if it finds that "the defendant was an organizer or leader of a criminal activity that ... was ... extensive." The Sentencing Commission's commentary explains that "[i]n assessing whether an organization is '... extensive,' the court may consider the "unknowing services of ... outsiders." The court may also consider: (1) the number of victims, and (2) the amount of money "fraudulently obtained or laundered." Rose, 20 F.3d at 374.
 
 
 22
 The record permits a conclusion that Sherbondy duped approximately seventy investors out of over $1.6 million, and that he enlisted the unknowing services of numerous outsiders.
 
 AFFIRMED
 
 
 *
 The panel finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3